UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WANDA SMITH,

     Plaintiff,

v.                             Case No:   2:17-cv-90-FtM-38NPM

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

**REPORT AND RECOMMENDATION**[1]

This matter comes before the Court on the Supplemental Petition for EAJA Fees Pursuant to 28 U.S,.C., § 2412(d), filed on June 19, 2019.   Plaintiff requests an award of supplemental attorneys fees in the amount of $1,139.75.   (Doc. 43 at 1).   The Commissioner filed an Opposition (Doc. 44) on July 2, 2019.   For the following reasons, the Court grants the Supplemental Petition in part and denies it in part.

A brief history of the case is instructive.   On August 3, 2018, the Court reversed and remanded this action to the Commissioner.   (Doc. 30).   On August 6, 2018, the Clerk entered Judgment and Plaintiff filed a Petition for EAJA Fees Pursuant to 28 U.S.C. § 2412(d).   (Doc. 31; Doc. 32).   In the Petition, Plaintiff sought $7,782.75 in attorney's

---

[1]  Disclaimer:   Documents filed in CM/ECF may contain hyperlinks to other documents or websites.   These hyperlinks are provided only for users' convenience.   Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.   By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.   Likewise, the Court has no agreements with any of these third parties or their websites.   The Court accepts no responsibility for the availability or functionality of any hyperlink.   Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

fees (36.6 hours in 2017 at a rate of $196.25 per hour and 3 hours in 2018 at $200.00 per hour), $400.00 in costs, and $18.30 in expenses.    (Doc. 41 at 2).    The Court reduced the amount of fees after considering the Commissioner's objections and awarded $6,997.00 in attorney's fees, $400.00 in costs, and $18.30 in expenses.    (*Id.* at 3).

Now, Plaintiff seeks additional fees of $1,139.75 in attorney's fees for the following: (1) fees incurred for the preparation of the Reply (Doc. 38) to the Response (Doc. 35) to the Petition for Attorney's Fees (Doc. 32); and (2) fees incurred in preparing this Supplemental Petition.    (Doc. 43 at 17-18).    The Commissioner opposes the relief requested, arguing:    (1) Plaintiff's "reply was unsuccessful in persuading this Court that the number of hours requested was reasonable"; and (2) Plaintiff's requested hours are excessive.    (Doc. 44 at 3-4).

Pursuant to Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate.    *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988).    The resulting fee carries a strong presumption that it is a reasonable fee.    *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992).

The Commissioner first argues that Plaintiff was not entirely successful in persuading the Court that all of the hours expended were reasonable and, thus, should not be entitled to EAJA fees for the time expended on the Reply.    (Doc 40 at 5-6). In the Court's Report and Recommendation, the Court did consider Plaintiff's Reply in rendering its decision and found the Commissioner's position was not substantially justified.    (Doc. 40 at 5-6).    In addition, the Court did not adopt all of the Commissioner's requested fee

reductions.[2]   (Doc. 41 at 2-3).   Thus, the Court finds that at least some of the time Plaintiff expended is reasonable and subject to recovery under EAJA.

As to the Commissioner's second argument regarding the reasonableness of the hours and hourly rate, the Court considered the hours and hourly rate Plaintiff requested and finds them to be excessive.   EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).   Thus, determination of the appropriate hourly rate is a two-step process.   The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate.   *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992).   The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases.   *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

For the year 2018, Plaintiff seeks an hourly rate of $202.50, and for the year 2019, Plaintiff seeks an hourly rate of $205.00.   For the year 2018, the Court previously found the hourly rate of $200.00 to be reasonable.   (Doc. 41 at 2).   The Court finds no justification to change this rate.   Thus, the Court recommends that the hourly rate for 2018 be reduced to $200.00 per hour.   For the year 2019, the Court finds that the rate of $205.00 is reasonable.   (*See* Doc. 44 at 4 n.3).[3]

---

[2]   Commissioner requested a fee reduction of $1,963.25 for a total attorney's fee of $5,819.50, but the Court ultimately awarded $6,997.00 is attorney's fees.   (Doc. 35 at 9; Doc. 41 at 3).

[3]   The Commissioner recommended an hourly rate of $203.97 based on the following calculation:   "To date, the annual CPI-All Urban Consumers for 2019 is 254.066, making

Plaintiff seeks 3.3 hours for reviewing the Commissioner's Response (Doc. 35) to the Petition, reviewing the Order (Doc. 37) permitting the Reply, research, and preparation of the Reply.   (Doc. 43 at 12-13).   The Commissioner argues that Plaintiff should be compensated for 1 hour of time at most.   (Doc. 44 at 4).   The Court finds Plaintiff's requested amount of time to be excessive.   The Reply (Doc. 38) was only six (6) pages long.   After review of the Reply, the Court finds that 2.4 hours to review the Commissioner's response, research the issues, and draft the Reply are sufficient.   Thus, the Court recommends an award of $480.00 in attorney's fees for this work.

Plaintiff seeks 2.3 hours for the preparation of the Supplemental Petition.   (Doc. 43 at 18).   The Commissioner argues that Plaintiff should be compensated for .5 hours. (Doc. 44 at 4).   Much of the Supplemental Petition appears to be copied from the prior Petition for EAJA Fees.   (*Compare* Doc. 32, *with* Doc. 43).   Thus, the Court finds 2.3 hours excessive and the Court recommends that the hours be reduced to 1.3 hour for the preparation of the Supplemental Petition, for an award of $266.50.

Accordingly, the Court recommends that Plaintiff be awarded $746.50 in supplemental EAJA fees.

Plaintiff filed an Attorney Fee Contract for Social Security Benefits/SSI Fee Agreement – Federal Court.   (Doc. 43-1 at 1).   This Contract provides that Plaintiff assigns "any court awarded EAJA attorney fees and costs, for federal court work only, to my attorney."   (*Id.*).   Thus, the Court recommends that the fees to be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed.

---

the maximum hourly rate $203.97 (254.066/155.7 * $125)."   (Doc. 44 at 4 n.3).

Accordingly, it is respectfully **RECOMMENDED**:

(1)     The Supplemental Petition for EAJA Fees Pursuant to 28 U.S.C. 2412(d) be **GRANTED in part** as follows:

    (a)     The Court award Plaintiff an additional amount of $746.50 in attorney's fees.

    (b)     These fees be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed.

(2)     The Supplemental Petition be **DENIED** in all other respects.

Respectfully recommended in Chambers in Ft. Myers, Florida on August 16, 2019.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.